# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASIA JOHNSON,<br>    Plaintiff,<br><br>  v.<br><br>QUEEN ELIZABETH,<br>    Defendant. | Civil Action No. 19-566<br>Judge Nora Barry Fischer |

## MEMORANDUM ORDER

AND NOW, this 14th day of May, 2019, upon consideration of the Motion for Leave to Proceed In Forma Pauperis filed by pro se Plaintiff Asia Johnson, (Docket No. [1]), and the accompanying Complaint,

IT IS HEREBY ORDERED that said Motion [1] is GRANTED as to the In Forma Pauperis Status of pro se Plaintiff Asia Johnson ONLY.

IT IS FURTHER ORDERED that the above captioned matter is dismissed, under 28 U.S.C. § 1915(e)(2)(B) as this action is frivolous and for failure to state a claim upon which relief can be granted.

In so holding, the Court notes that 28 U.S.C. § 1915(e)(2) requires that a District Court review pleadings filed by individuals who are granted in forma pauperis status and mandates that "the court shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Therefore, pursuant to this statute, the Court must dismiss a case "if it lacks arguable merit in fact or law."

1

*Stackhouse v. Crocker*, 266 F.App'x. 189 (2008) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). The standard of review for failure to state a claim under section 1915(e)(2) is the same as under Rule 12(b)(6). *See D'Agostino v. CECON RDEC*, 2011 WL 2678876, at *3 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). That is, the allegations in a pro se plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and the Court must "accept all factual allegations in the complaint as true, [and] construe the complaint in the light most favorable to the plaintiff", *see Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). However, a pro se complaint must be dismissed if it does not allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009) (applying *Twombly* and *Iqbal* standard to pro se complaints). Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

At the outset, the Honorable Arthur J. Schwab previously dismissed a lawsuit brought by Plaintiff containing similar frivolous allegations against Queen Elizabeth and while the Court of Appeals remanded with directives to grant her IFP motion, the basis for the dismissal due to the lack of any specific allegations of actions taken by Queen Elizabeth was affirmed by the Court of Appeals. *See Johnson v. Queen Elizabeth*, 733 F. App'x 28 (3d Cir. 2018), *cert. denied*, 139 S. Ct. 1180 (2019). On remand, the Complaint was dismissed, as frivolous and no further appeal was taken. *Johnson v. Queen Elizabeth*, Civ. A. No. 18-611, Docket No. 11 (W.D. Pa. Aug. 30, 2019). The instant complaint is subject to dismissal for the same reasons as previously articulated by Judge Schwab and the Court of Appeals. *See id*. The case is further barred by the

doctrine of res judicata to the extent that the same allegations are made here as in the prior action. *See Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)) ("Claim preclusion bars suit when three elements are present: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'"). It is also clear that leave to amend would be futile. *See Johnson v. Trump*, 745 F. App'x 445, 446 (3d Cir. 2018).

For all of these reasons, this matter is DISMISSED as frivolous and for failure to state a claim upon which relief may be granted.

FINALLY, IT IS ORDERED that the Clerk of Court shall mark this action CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc: Asia Johnson
1807 West Street
Munhall, PA 15120
(by regular first class mail)